THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN DAY

                    Plaintiff,

        v.

ALASKA BOAT COMPANY, LLC,

                    Defendant.

CASE NO. C23-0972-JCC

ORDER

This matter comes before the Court on Defendant Alaska Boat Company's motion to compel Plaintiff Ryan Day to submit to a Federal Rule of Civil Procedure 35 neuropsychological medical examination. (Dkt. No. 31.) Having thoroughly considered the motion and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

This lawsuit stems from Plaintiff's accident while working on Defendant's vessel. (*See* Dkt. No. 13) Plaintiff alleges that he sustained serious physical injuries. (*Id.* at 1–2.) In July, the Court granted Defendant's motion to compel a neurological examination. (*See* Dkt. No. 25, 26.) Defendant now ask for an additional examination since much time has passed since the previous exam. However, the parties have come to an impasse regarding certain aspects of the examination, namely: (1) whether the raw data from the neuropsychological testing must be disclosed to Plaintiff's counsel and (2) what aspects of the examination (*i.e.*, the interview vs.

ORDER
C23-0972-JCC
PAGE - 1

testing) can be recorded or observed by a third-party. (Dkt. No. 31 at 1–2.)

As a result, Defendant now asks the Court for an order to compel the Rule 35 neuropsychological examination *without* recording the testing portion of the exam and *without* disclosure of the "raw data" considered by the doctor in creating their findings and/or conclusions to Plaintiff's counsel. (*See generally* Dkt. No. 31.) Plaintiff did not lodge a formal opposition brief. On this basis, Defendant asks the Court to find that their motion has merit (in accordance with LCR 7(d)(3)). (*See* Dkt. No. 34.) The Court declines the request, as Defendant's brief sufficiently summarizes Plaintiff's position on the issue. (*See* Dkt. No. 31 at 4.) Thus, at least here, there is no need for a formal opposition brief to preserve Plaintiff's position.

Turning to Defendant's Rule 35 motion, under Federal Rule of Civil Procedure 35(a)(1), the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." By the express terms of Rule 35(a), a party's physical condition must be "in controversy" and the movant must demonstrate "good cause" for the examination. *Turner v. Imperial Stores*, 161 F.R.D. 89, 92 (S.D. Cal. 1995) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964)).

Defendant has demonstrated both that Plaintiff's physical condition is in controversy and that good cause exists for a Rule 35(a) examination.[1] Plaintiff's asserted physical injuries are the basis for his claim and his physical condition (including prior cognitive condition) appears central to this dispute. Accordingly, the Court finds a reasonable basis for a Rule 35(a) neurological examination. However, as mentioned above, Plaintiff objects to the exam as to two aspects: (1) whether the *entire* exam may be video recorded and (2) whether all data utilized by the examiner must be disclosed to Plaintiff's counsel.

---

[1] A party places his physical condition "clearly in controversy" when he "assert[s] [his] . . . physical condition either in support of or in defense of a claim." *Schlagenhauf*, 379 U.S. at 119. Similarly, "[a]sserting a mental or physical injury in support of a claim 'provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Spaulding v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 11117848, slip op. at 2 (E.D. Wash. 2015) (quoting *Schlagenhauf*, 379 U.S. at 119).

ORDER
C23-0972-JCC
PAGE - 2

Plaintiff generally has the burden of demonstrating good cause for each. *See, e.g., Soto v. United States*, 2014 WL 12577594, slip op. at 2 (S.D. Cal. 2014) (collecting cases). Plaintiff fails to make this showing as to video recording of the testing portion of the exam (much less any showing on this issue). Accordingly, only the interview portion must be recorded (and provided to Plaintiff's counsel)—but no more. However, Plaintiff also seeks *all* data that the examiner considers in forming their opinion. (Dkt. No. 31 at 3.) On this issue, Plaintiff has the better argument. Federal Rule of Civil Procedure 26(a)(2)(B)(ii) generally requires this. Defendant fails to cite controlling or even persuasive caselaw suggesting otherwise. (*See generally* Dkt. No. 31 at 5–9.)

For the foregoing reasons, the Court DENIES in part and GRANTS in part Defendant's motion (Dkt. No. 31) and ORDERS that Plaintiff submit to a Rule 35 neuropsychological examination subject to the following conditions, as modified[2] from the parties' joint proposal:

1.    Defense may go forward with a neuropsychological examination of Plaintiff by Elizabeth Ziegler, PH.D. at a mutually agreeable date, time, and location.

2.    Plaintiff shall not be required to fill out any patient information forms of any type whatsoever, including, but not limited to, new patient forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers and releases and will not be asked to do so by the defense medical professional or her staff.

3.    The defense medical professional's office will not take any photographs, fingerprints or other identification information from the Plaintiff, including, but not limited to license, Social Security number and home address.

4.    Dr. Ziegler shall conduct the examination of Plaintiff, which total examination (from start to finish and including any written testing) shall take no longer than 7 hours, with Plaintiff being able to take reasonable and appropriate breaks as needed. The reasonable and appropriate break periods will not be included in the 7 hours. Said oral examination shall not delve into unrelated areas which are protected by the attorney client privilege or the Washington State constitutional Right to privacy:

---

[2] The conditions below largely track with those proposed by Defendant, except that the Court removed condition 7(a), limiting Plaintiff's counsel's access to the raw data generated by the examination, along with the examination's test results. (*See* Dkt. No. 31-1 at 3.)

ORDER
C23-0972-JCC
PAGE - 3

a.  Any persons assisting Dr. Ziegler must be fully identified by full name and title in the doctor's report, along with a detailed description of their role in the exam.

b.  Dr. Ziegler will limit inquiry into the health of family members to genetic related diseases such as dementia, stroke, Parkinson's disease, depression, anxiety, etc. Dr. Ziegler will only inquire about treatment of any family member's serious mental health condition that may have impacted Plaintiff's development in childhood. Dr. Ziegler will not inquire into the specifics of any other treatment of family members, names of treating physicians and details of the medical or mental conditions as the rights of privacy of third parties are in issue.

c.  Plaintiff is not to be questioned concerning his conversations with his attorneys Gary Baun, Dennis O'Bryan, or any person affiliated with O'Bryan Baun Karamanian.

d.  Plaintiff is not to be questioned concerning his attorney's evaluation of any of Plaintiff's claims against Defendant, any forensic referrals made by Plaintiff's counsel, nor is Plaintiff to be questioned about any discussions Plaintiff has had with his counsel regarding such evaluations, as that is invasive of the attorney-client and attorney-work product privileges.

e.  No questions shall be asked of the Plaintiff by the Examiner or staff related to negligence or legal liability. Said restriction does not limit inquiry into the physical dynamics of the alleged occurrence, relevant to the condition in controversy.

5.    The full and entire scope of this examination shall consist of a clinical interview and the administration of neuropsychological tests. **Only the interview portion may be attended and/or recorded by Plaintiff's attorney or a representative via zoom. The testing portion of the exam shall be unobserved nor recorded**. A legal representative may sit outside the door of the testing room to ensure there are no environmental distractions contrary to the manner in which the tests were normed by the test makers that might affect the test taking by Plaintiff.

6.    The evaluation will not involve any physical examination. There will be no blood tests or other intrusive medical studies or procedures. Plaintiff will not be required to submit to the taking of any x-rays, CT scans, MRIs or other diagnostic test or procedure. If the Plaintiff has light sensitivities, the examiner will adjust the lighting conditions to minimize the impacts of any light sensitivity.

7.    At the conclusion of any neuropsychological testing of Plaintiff, pursuant to Rules 702 and 705 and any applicable RFP issued by Plaintiff to Defendant, in order for Plaintiff to properly prepare for any cross examination of Defendant's Examiner, Dr. Ziegler shall author a report containing her opinions and make herself available for deposition after the report is disclosed but no less than seven (7) days before the close of discovery. **The raw data generated and all test results regarding Plaintiff (hereinafter data) shall be disclosed to Plaintiff's counsel**:

ORDER
C23-0972-JCC
PAGE - 4

    a.  Use of data is limited to only that which is required for the resolution of the pending action and shall not be used outside this litigation;

    b.  Data will be affixed with a label or legend indicating that data is subject to the terms of this order and may be used only for limited purposes in connection with this action.

8.  Plaintiff shall be entitled to take reasonable breaks during the examination process, including, but not limited to, taking a lunch break, rest breaks and bathroom breaks. Such breaks during the testing phase shall not be taken in the middle of an individual test, but rather at the conclusion of an individual test.

9.  Defendant will not schedule any other examinations by any other neuropsychologists.

10.  Defendant is to transmit a copy of this order to Dr. Ziegler and to promptly advise her/him to comply with the limitations imposed. Consistent with Rule 35(b), the Examiner shall make a written report within thirty (30) days of completion of her examination unless the examination is done less than 60 days prior to discovery cutoff, in which case the report shall be completed within 14 days of the examination; if the Examination is done less than 30 days prior to discovery cutoff, the report shall be provided to Plaintiff no less than 10 days prior to discovery cutoff in order for Plaintiff to depose the Examiner within the timelines set forth herein;

11.  After the delivery of the report, Plaintiff shall have the right to take the deposition of any Examine. The deposition of the examiner may be used for any purpose in this case. The parties have stipulated that defense counsel will accept service of any FRCP 45 subpoena and notice of deposition of the Examiner by Plaintiff and not delegate that responsibility to any IME brokerage. Dr. Ziegler hourly fee for depositions related to this matter shall not exceed $550 per hour. The parties have also stipulated that this is a reasonable rate pursuant to FRCP 26 (b)(4)(E)(i). If Dr. Ziegler's charges exceed that amount, then Defendant shall be responsible for any amount in excess of $550 per hour. The parties further stipulated that consistent with FRCP 26 (b)(4)(E)(i), the brokerage used by Defendant to retain Dr. Ziegler shall not add any premium or fee to the examiners $550 an hour fee for being deposed. Specifically, if Defendant utilizes an DME brokerage, the brokerage shall not charge Plaintiff any markup fee over the reasonable hourly fee simply because they have provided the Examiner for Defendant's case at a higher rate to Defendant. If Defendant chooses to pay a higher hourly fee for said examiner's time, Plaintiff shall not be bound by those same rates, but by FRCP 26 (b)(4)(E)(i). Both parties shall pay their own experts preparation time for any deposition, and the Defendant shall not state a minimum time for the Defendant's deposition. In addition to the fee limitations discussed herein, Defendant also stipulated that if the FRCP 35 exam is done less than 60 days prior to discovery cutoff, Defendant shall provide Plaintiff deposition dates for the examiner no less than seven (7) days prior to discovery cutoff in order for Plaintiff to assess whether any rebuttal testimony is needed to said Examiner.

12.  The tests taken by Plaintiff as part of the DME, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by Dr. Ziegler are

confidential medical records relating to Plaintiff's mental health. These records are confidential and shall not be subject to distribution without the written authorization of the Plaintiff to anyone except for Plaintiff's counsel, counsel for Defendants, counsel's experts or consultants, counsel's staff, Defendants, and the insurance carriers, who shall treat these documents as confidential and subject to a protective order. Dr. Ziegler must release raw data, interpretive manuals, and test results from the neuropsychological testing to a licensed psychologist with training in neuropsychology and/or Plaintiff's counsel. Said records may be used by Defense counsel in preparation for trial, in trial and in other proceedings in this matter, but for no other purpose unrelated to this litigation.

13.     Plaintiff has the right to argue that any information acquired or learned in any evaluation made in violation of this agreement will not be admissible in evidence for any reason. The Court may, upon motion at trial, strike, preclude or limit any testimony of the examiner as appropriate and Plaintiff is not waiving his right to such relief by agreeing to this examination. The parties reserve the right to seek whatever sanctions they deem appropriate.

14.     Dr. Ziegler and the defense shall retain for review by Plaintiff all factual materials provided to Dr. Ziegler by the defense (over and above the testing used to assess Plaintiff) in forming her opinions in this matter (*i.e.*, all medical records, pleadings, statements, depositions, medical reports, emails containing facts provided by Defense counsel to Dr. Ziegler, etc.) A copy of such materials shall be provided to Plaintiff electronically upon request at no expense to Plaintiff.

15.     The conditions of this examination may be modified or changed only upon the express written statement of all parties or by Court order.

DATED this 22nd day of January 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C23-0972-JCC
PAGE - 6